BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY JASON GRANT, et al.,<br><br>    Defendants. | No. 2:10-CR-237 GEB<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Court: Hon. Garland E. Burrell<br>Date: December 16, 2011<br>Time: 9:00 a.m. |

It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendants Gary Jason Grant, Timothy Thomas Seaver, and Michael Christopher Moore on the other hand, through their respective attorneys, that: (1) the presently set December 16, 2011, status conference shall be continued to January 6, 2012, at 9:00 a.m.; and (2) time from the date of the parties' stipulation, December 14, 2011, through, and including, January 6, 2012, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex

1

and unusual case) and T4 (reasonable time for defense counsel to prepare).

The parties note that this case stems from the earlier investigation and prosecution of Daren Glosser and Shannon Selle, Case No. CRS 05-309 GEB, which this Court previously determined to be complex and unusual within the meaning of the Speedy Trial Act based on the grounds that the conspiracy charge spans almost four years and the case involves approximately 22 search warrants, hundreds of exhibits, numerous witnesses, and multiple law enforcement agencies. Consequently, in the instant case, the United States has produced substantial voluminous discovery consisting of thousands of documents to defense counsel and they will need additional time to review the discovery, investigate the facts, and conduct legal research regarding possible defenses.

Based on these facts, the parties stipulate and agree that the Court shall find: (1) the instant case is unusual and complex and it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in § 3161; (2) the trial delay and exclusion of time requested herein is necessary to provide defense counsel reasonable time to prepare their respective clients' defenses taking into account due diligence; and (3) the ends of justice to

///
///
///

be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

Dated: December 14, 2011 /s/ Preeti K. Bajwa
_____
PREETI K. BAJWA
Attorney for Defendant
Gary Jason Grant
(per email authorization)

Dated: December 14, 2011 /s/ Dan Frank Koukol
_____
DAN FRANK KOUKOL
Attorney for Defendant
Michael Christopher Moore
(per email authorization)

Dated: December 14, 2011 /s/ Matthew Bockmon
_____
MATTHEW BOCKMON
Attorney for Defendant
Timothy Seaver
(per email authorization)

Dated: December 14, 2011 BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

/s/ Samuel Wong
By: _____
SAMUEL WONG
Assistant U.S. Attorney

---

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect

adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, December 14, 2011, to and including the new January 6, 2012, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).  It is further ordered that a status conference shall be held on January 6, 2012, at 9:00 a.m.

Dated:  December 15, 2011

GARLAND E. BURRELL, JR.
United States District Judge